IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERMAINE JEFFERIES, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-1695-CFC |
| UNITED PARCEL SERVICE, | : |
| Defendant. | : |

**MEMORANDUM**

1. **Background**. Plaintiff Jermain Jefferies, who appears *pro* se, filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e. (D.I. 1) Plaintiff resides in Pennsylvania and he was employed by Defendant at its place of business in Pennsylvania. (*Id.* at 1-2) Before the Court is Defendant's motion to dismiss for improper venue or, in the alternative to transfer venue. (D.I. 6) The motion is unopposed.

2. **Discussion**. Employment discrimination claims are governed by Title VII's venue statute, *see* 42 U.S.C. § 2000e–5(f)(3), which provides in pertinent part that:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

*Id.* at 20003-5(f)(3). Title VII's venue provisions are exclusive. *See Emrick v. Bethlehem Steel Corp.*, 624 F.2d 450, 453 (3d Cir. 1980); *Kabacinski v. Bostrom*

1

*Seating, Inc.*, 98 F. App'x 78, 82–3 (3d Cir. 2004). Filing a lawsuit in an improper venue is not necessarily fatal to its claims as this Court has discretion to transfer the matter to proper venue.

3. As Defendant correctly states, there is no basis for venue in this Court. There is no dispute that Plaintiff was employed by Defendant in Philadelphia, Pennsylvania, he complains of employment discrimination that occurred in Philadelphia, and witnesses, evidence, and records relating to Plaintiff's employment are located either in Philadelphia or at Defendant's principal office in Atlanta, Georgia. (D.I. at 1-3; D.I. 1-3 at 3-6; D.I. 8 at 2) Defendant is correct that proper venue lies in the United State District Court for the Eastern District of Pennsylvania.

4. Venue does not properly lie in the District of Delaware. The Court declines to grant Defendant's motion dismiss the complaint. Instead, it will grant Defendant's alternative motion to transfer.

5. **Conclusion**. For the above reasons, the Court will: (1) deny Defendant's motion to dismiss; (2) grant Defendant's motion to transfer venue; and (3) direct the Clerk of Court to transfer this action to the United States District Court for the Eastern District of Pennsylvania. A separate order shall issue.

_____
Chief Judge

Dated: March 7, 2022
Wilmington, Delaware